UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN HAGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01439-TWP-MJD |
| ) | |
| SUPERINTENDANT New Castle Correctional ) | |
| Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of John Haga ("Haga") for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 15-03-0023. For the reasons explained in this Entry, Haga's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B.     The Disciplinary Proceeding

On March 2, 2015, Sergeant Patton wrote a Conduct Report charging Haga with assault with serious bodily injury in violation of Code A-102. The Conduct Report states:

> On the above date and approximate time I Sgt. D. Patton did witness on the E-2 stairs . . . offender Haga #220826 strike offender Blasko #851093 multiple times with closed fists and strike him in his head/facial area with his feet. Offender Blasko did have several injuries to his head/facial area. Offender Blasko had lacerations to his nose, right eyelid and eyebrow. Offender Blasko did result in 3 steri-strips . . . the right eyebrow and eyelid as well as x-rays from onsite medical staff. Offender Haga was advised he would be receiving a conduct report for assault with serious bodily injuries.

([Filing No. 14-1 at 1](#)).

Haga was notified of the charge on March 10, 2015, when he received the Screening Report. He plead not guilty to the charge and requested three witnesses—T. Coleman, Albert M. Goering and Aaron Moles,—a lay advocate, and the video of the incident.

Haga's three witness were fellow prisoners who provided the following statements. T. Coleman stated, "I saw [two] offenders fighting they were both throwing punches at each other. Haga never assaulted Blasko."  ([Filing No. 14-3 at 1](#)). Albert M. Goering stated that he "was at commissary when the incident occurred in E2."  ([Filing No. 14-4 at 1](#)). Finally, Aaron Moles stated, "I seen the whole fight against Mr. Haga and Mr. Blasko. They both were kicking and th[ow]ing punches and this isn't the first time the two of them had issues. I've seen Mr. Blasko go after Mr. Haga and other offenders keep them separated."  ([Filing No. 14-5 at 1](#)).

A hearing was held on March 12, 2015. At the hearing, Haga stated "I do not start fights, he came at me first you did not see that."  ([Filing No. 14-9 at 1](#)). Based on Haga's statement, the staff reports, evidence from the witnesses, and pictures and videos of the incident, the hearing officer found Haga guilty of assault with serious bodily injury. The hearing officer recommended

and approved sanctions including a one-hundred-eighty-day earned-credit-time deprivation, a credit-class demotion, and the imposition of a suspended sanction from another disciplinary action.

Haga appealed to the Facility Head, but his appeal was denied. Haga then appealed to the IDOC Final Reviewing Authority, who also denied his appeal. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Haga raises three claims in his habeas petition. The respondent addresses each of these claims in his response brief, and Haga did not file a reply brief. The Court will address each of Haga's claims in turn.

#### 1. *Video Evidence*

Haga's first claim is that he was not provided the video evidence at least twenty-four hours prior to the hearing as required by IDOC policy; instead, he was only shown the video evidence at the disciplinary hearing. But as pointed out by the respondent, violation of IDOC policy does not provide a basis for habeas relief.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison

handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

Accordingly, Haga is not entitled to habeas relief on this ground.

2. *Sufficiency of the Evidence*

Next, Haga argues that he was charged with the more serious offense of Code A-102, assault with serious bodily injury, instead of a less serious Class C offense based on the fact that Blasko had to be taken to the hospital offsite, but the records show that Blasko was treated at the prison. This is essentially a challenge to the sufficiency of the evidence supporting the Code A-102 charge.

The "some evidence" standard applied to challenges regarding the sufficiency of the evidence is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

As an initial matter, there is no evidence that Haga was charged with a more serious offense based at all, let alone solely, on the fact that Blasko's injuries had to be treated offsite. Instead, the hearing officer stated that he relied on the Conduct Report, among other things, in reaching his conclusion. As Haga himself recognizes, the Conduct Report states that Blasko's injuries required treatment and x-rays from "onsite medical staff." (Filing No. 14-1 at 1). Thus Haga's claim is

based on a factual premise—where the hearing officer believed Blasko was treated—that is not supported by the record, and indeed, the hearing officer relied on evidence to the contrary.

Moreover, even if the hearing officer incorrectly believed that Blasko had to be treated offsite, this does not establish that there is not "some evidence" supporting the charge of Code A-102 assault with serious bodily injury. Although the "evidence must bear some indicia of reliability, once the meager threshold has been crossed [the Court's] inquiry ends and [it] will not reverse the disciplinary board's decision." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Sergeant Patton stated in the Conduct Report that "Offender Blasko did have several injuries to his head/facial area. Offender Blasko had lacerations to his nose, right eyelid and eyebrow. Offender Blasko did result in 3 steri-strips . . . the right eyebrow and eyelid as well as x-rays from onsite medical staff." ([Filing No. 14-1 at 1](#)). This is more than sufficient evidence that Haga's assault resulted in serious bodily injury, regardless of where those injuries were treated. The Conduct Report alone can "provide[] 'some evidence' for the . . . decision," *McPherson*, 188 F.3d at 786, and it is corroborated by the other evidence on which the hearing officer relied, including the witness statements and video, which support the conclusion that Haga was involved in an extremely violent altercation with Blasko.

In sum, because there is "some evidence" with sufficient indicia of reliability that Haga assaulted Blasko and caused serious bodily injury to him there is no basis to reverse the hearing officer's decision. *See Scruggs*, 485 F.3d at 941.

    3.    *Impartial Decisionmaker*

Haga's final claim is that he was denied an impartial decisionmaker. The decisionmaker was demonstrably impartial, says Haga, because he allegedly said that he would not downgrade

the Class C charge to a Class A charge regardless of how much supporting evidence Haga presented.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666.

Haga has not provided clear evidence to rebut the presumption that his hearing officer was impartial. Even accepting Haga's assertion that the hearing officer told him he would not downgrade his charge regardless of the supporting evidence Haga presented, this does not establish that he was impartial or biased, especially without knowing when this was said or the context in which it was said. The evidence reveals that the hearing officer reviewed and based his decision on Haga's statement, the staff reports, evidence from the witnesses, and pictures and videos of the incident. Given the weight of this evidence, the hearing officer's alleged comment could easily reflect nothing more than an assessment that the evidence of guilt of a Class C offense was overwhelming—and nearly indisputable given the video evidence and Haga's own witnesses' statements—not that the hearing officer was impartial or biased. Without more than one alleged ambiguous and out-of-context statement by the hearing officer, Haga has failed to overcome the presumption of impartiality. *See Piggie*, 342 F.3d at 666.

Accordingly, Haga is not entitled to habeas relief based on this claim.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Haga to the relief he seeks. Accordingly, Haga's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/5/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN  HAGA
220826
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronically Registered Counsel